IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>CARLOS FELIPE NIZ-RODRIGUEZ,<br><br>     Defendant. | 8:13-CR-145<br><br>TENTATIVE FINDINGS |

  The Court has received the presentence investigation report and addendum (PSR) in this case. There are no motions for departure or variance. The defendant has objected to the PSR. *See* filing 65.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has filed an objection (filing 65) to the PSR. The defendant's objection is based on the probation officer's application of a 6-level enhancement pursuant to U.S.S.G. § 2L2.1(b)(2)(B).

   The defendant pled guilty, as relevant, to one count of possession with intent to transfer five or more identification documents, in violation of 18 U.S.C. § 1028(a)(3) and (b)(1). As required by the elements of that offense, the factual basis stated in the plea agreement recited that the defendant "confessed to making and selling at least 5 counterfeit documents over the last 6 months." Filing 53 at 3. But the PSR describes the defendant's confession in more detail, reciting that "defendant provided a post-Miranda interview and confessed to making and selling between 100-200 counterfeit documents over the last 6 months." The probation officer used the low end of that estimate, and based on the fact that most people receive two forged documents (a Social Security card and a permanent resident card), held the defendant responsible for 50 documents.[1] Accordingly, the probation officer's calculations add a 6-level enhancement to the base offense level of 11, because the offense involved between 25 and 99 documents. *See* § 2L2.1(b)(2)(B).

   The defendant's objection is two-fold. First, he argues that because "[t]he factual basis stipulated to by the parties" in the plea agreement "contemplates 'at least 5 documents[,]'" the plea agreement is "not being followed." Filing 65 at 3. That argument is without merit. A confession to producing "at least" five documents is expressly consistent with a finding that *more* than five documents were produced. *Cf. In re Alappat,* 33 F.3d 1526, 1532 (Fed. Cir. 1994) (abrogated on other grounds, *In re Bilski,* 545 F.3d 943 (Fed. Cir. 2008)). And 50 is more than 5. In the plea agreement, the parties stipulated to a base offense level of 11, *see* filing 53 at 5, but the "base offense level" is simply the starting point for the adjustments used to determine the defendant's

---

[1] Multiple documents that are part of a set of documents intended for use by a single person are treated as one document. § 2L2.1 cmt. n.2.

total offense level. *See* U.S.S.G. § 1B1.1(a). In short, there is nothing in the plea agreement that precludes a finding that the defendant is responsible for producing 50 documents.

The defendant's other argument is that the information relied upon in the PSR is unreliable. The defendant contends that the initial estimate of 100-200 documents is no more than a guess, and that the probation officer's calculations are speculative. Filing 65 at 2-3. Of course, when the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See, United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States v. Miell*, 661 F.3d 995, 999 (8th Cir. 2011). If the parties are unable to agree as to the number of documents for which the defendant is responsible, then they should be prepared to present evidence on that issue at sentencing, and the Court will resolve the defendant's objection at sentencing.

The Court notes that while the defendant's sentencing statement made passing reference to the parties' agreement that the defendant "may request downward departures or a sentence reduction for a variance[,]" the defendant did not actually file a motion for departure or variance. Filing 65 at 3. Instead, the defendant is asking for a sentence at the low end of the Guidelines range *assuming* that the § 2L2.1(b)(2)(B) enhancement does not apply—an assumption which may or may not prove valid. The Court will, of course, weigh the § 3553(a) factors at sentencing, but an argument presented in the context of an objection to the PSR is not an adequate substitute for a properly filed motion for departure or variance, and the defendant should be aware that the Court will not construe his objection to be such a motion.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the PSR is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

- 4 -

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the PSR may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 11th day of September, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge